ບບ⊥



# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 5, 1949.

Hon. G. C. Morris, Chairman
Joint Legislative Advisory Committee
Austin, Texas

Opinion No. V-825.

Re: The necessity for each
vocational teacher to
meet the standards of
the State Board of Vo-
cational Education to
qualify for compensa-
tion under the salary
aid law.

Dear Senator:

We quote from your recent letter as follows:

"The Joint Legislative Committee has had
under consideration Attorney General's Opin-
ion No. V-674, dealing with the status of Vo-
cational Agriculture, Vocational Home Econom-
ics and Trades and Industry teachers. We be-
lieve that we are in complete agreement with
this opinion except one point which needs
clarification in our minds. In view of this
fact, I am submitting to you this additional
question with reference to said opinion. In
order for a Vocational Home Economics teacher
to qualify for compensation for a twelve
months period, is it necessary that each in-
dividual teacher meet the standards and re-
quirements set out by the State Board of Voca-
tional Education?"

By statute, the Department of Education is em-
powered to issue "certificates authorizing the holders
to teach the special subjects of agriculture, domestic
art . . . industrial training" where the teacher has met
the requirements thereof. Art. 2889, V.C.S., paragraphs
4, 5, 6, 8 and 9. Under this law any person desiring to

Hon. G. C. Morris, Page 2 (V-825)

teach any of the designated special subjects in the
Texas public free school system must hold a teacher cer-
tificate issued by the Department of Education before
he may contract to teach his special subject.

Under H. B. 239, Acts 1923, quoted in Opinion
V-674, wherein the State under the Federal Smith-Hughes
Act authorized its public schools to secure the bene-
fits of Federal appropriations for vocational education
by compliance with standards and qualifications in a
state plan bearing the approval of the State Board for
Vocational Education, a person desiring to teach voca-
tional subjects in Texas public schools which receive
benefits under the Smith-Hughes law must acquire an ad-
ditional certificate, commonly known as the Smith Hughes
certificate. Such a certificate shows that he has met
the qualifications and standards prescribed for a voca-
tional teacher covered in the aforementioned plan. Sec.
5, H. B. 239.

Consonant with such laws, we find in accredi-
tation standards and regulations of the Department of
Education, Bulletin 476, cited in V-674, and in its lat-
est Bulletin 491, the following:

"A certificate of Approval for Homemak-
ing Education issued by the Homemaking De-
partment, State Board for Vocational Educa-
tion, Austin, Texas, is required if the
school expects to receive reimbursement from
vocational funds." (Underscoring ours.)

The provisions in H. B. 295, Acts 1947, deal-
ing with the salary of vocational home economics teach-
ers do not conflict with these laws governing their
certification. In the first paragraph of Section 2 of
Article III, H. B. 295, we read:

"The base pay for . . . Vocational Home
Economics . . . teachers shall be One Hundred
and Twenty-four Dollars ($124.00) per month
for twelve (12) months in both accredited and
unaccredited schools." (Emphasis ours.)

In the last paragraph of same Section 2, we
find:

Hon. G. C. Morris, Page 3 (V-825)

> "The annual salary of . . . Vocational
> Home Economics teachers . . . may be the
> monthly salary as determined by schedule
> stated herein multiplied by twelve (12) . . .
> Salaries of . . . vocational teachers may
> begin on July first rather than September
> first."

This office in its Opinion V-674 advised that the vocational teacher provisions in H. B. 295 are not limited to vocational teachers who are realizing reimbursements or benefits under the Federal Smith-Hughes Act, but that same applies also to vocational teachers who are paid wholly from State and local funds.

Based on the statutes considered and the conclusions reached in V-674, it is our opinion that a vocational home economics teacher teaching in a school receiving aid under the Smith-Hughes Act, to qualify for compensation for a twelve month's period, must meet the standards and requirements set out by the State Board for Vocational Education. Sec. 3 of H. B. 542, Acts 1947, 50th Legislature.

However, as to a vocational home economics teacher teaching in a school not an applicant for aid under the Smith-Hughes Act but who is actually engaged in teaching this work twelve months, the laws do not require that such teacher meet the standards and requirements set out by the State Board for Vocational Education. Art. 2889, V.C.S.; Sec. 2 of Art. III, H. B. 295, Acts 1947; Opinion V-674. However, in connection with this matter, we quote from V-674 as follows:

> "Further, we are advised that those
> schools desiring to offer vocation courses
> but not desiring to apply for the benefits
> under the Federal subsidized program are
> advised by the Department of Education to
> employ only such vocational teachers as
> have been certified by the State Board of
> Vocational Education as meeting the stand-
> ards and qualifications required of teach-
> ers functioning under the Federal subsi-
> dized vocational program.

Hon. G. C. Morris, Page 4 (V-825)

"Department of Educational Bulletin No. 476, 1946-47, pages 99 to 105 inclusive, wherein are published departmental rules and regulations governing accreditation of the public free schools of Texas, reveals that vocational programs offered in said schools to be recognized for accreditation or affiliation purposes should be organized in accordance with requirements of the State plans for vocational education and merit the approval of the State Board for Vocational Education.

"These rules evidence a cooperation intent on the part of the Department of Education to require a vocational educational program in Texas which meets the test of the State Plan approved by the State Board and the Federal Government."

What we have said applies only to contracts entered prior to enactment of Senate Bill 19, 51st Legislature, which contains an amendment to Section 2 of Article III of H. B. 295, 50th Legislature, changing the present law as to base pay for vocational teachers by adding the following words: "provided the proposed plan for such twelve (12) months' programs have been approved individually and in advance by the State Board for Vocational Education," etc. In Opinion V-784, we advised that this change in teacher salary schedules cannot be given a retroactive effect in such a manner as to destroy any presently existing contractual rights of the teachers concerned, but it will of course apply to future contracts. Sec. 16 of Art. I, Tex. Const.; Federal Crude Oil Co. v. Yount-Lee Oil Co., 122 Tex. 21, 52 S.W.2d 56 (1932); A. G. Opinion V-674.

## SUMMARY

A vocational home economics teacher teaching in a school not receiving aid under the Smith-Hughes Act, who is actually engaged in teaching this work twelve months, is not required to meet the standards and requirements set out by the State Board for

Hon. G. C. Morris, Page 5 (V-825)

Vocational Education. Art. 2889, V.C.S.;
Sec. 2 of Art. I of H. B. 295, Acts 1947;
A. G. Opinion V-674.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

CEO:bh

APPROVED

*Price Daniel*

ATTORNEY GENERAL